UNITED STATES of America,
Plaintiff,

v.

Harold Paul WILLIAMS, Defendant.

No. CRIM.97–81204.

United States District Court,
E.D. Michigan,
Southern Division.

Nov. 9, 2000.

Craig Daly, Detroit, MI, for Defendant.

D. Portelli, Asst. U.S. Atty., Detroit, MI, for Plaintiff.

### MEMORANDUM OPINION AND ORDER

ANNA DIGGS TAYLOR, District Judge.

Defendant Harold Paul Williams moves to dismiss counts 4 and 6 of a superceding indictment charging him as a felon in possession of firearms, pursuant to 18 U.S.C. § 922(g)(1), for incidents arising out of the seizure of various firearms on September 23, 1996 and January 13, 1998. For the reasons set forth below, Defendant Williams' motion to dismiss must be GRANTED.

Defendant Williams was charged with: (1) possession of stolen mail, aiding and abetting, 18 U.S.C. § 1708(1) and (2); (2) producing false identification documents, aiding and abetting, 18 U.S.C. §§ 1028(a)(1); (3) possession of document-making implements, 18 U.S.C. § 1028(a)(5); (4) felon in possession of a firearm, 18 U.S.C. § 922(g); (5) false statement in acquisition of a firearm, 18 U.S.C. § 922(a)(6) and (6) felon in possession of firearm, 18 U.S.C. § 922(g).

Defendant's predicate felony offenses of 'Attempt to Possess Heroin', 'First Degree Criminal Sexual Conduct', and 'Carrying a Concealed Weapon', all specified felonies, occurred on May 14, 1975, March 14, 1978 and January 31, 1986, respectively. Parole stemming from the latest predicate offense ended on January 20, 1991.

Beginning in 1994 and through September of 1996, the Postal Inspection Service received numerous complaints of stolen personal checks. The checks had been ordered from financial institutions but were never received by the ordering customers. An investigation ensued, and ultimately revealed Williams as the head of a large stolen check "ring." On September 23, 1996, a search warrant was executed at Defendant Williams' residence where several firearms were seized. On January 13, 1998, law enforcement officials executed an arrest warrant for Defendant Williams. Upon arresting Defendant Williams, agents conducted a search of the entire premises and recovered several additional firearms. As a result of these two seizures, Defendant Williams was subsequently charged with being a felon in possession in counts 4 and 6 of the indictment.

Before this Court is the issue of whether Defendant Williams' civil rights had been restored for purposes of 18 U.S.C. § 920(a)(20)(B) upon completion of his parole stemming from his state court convictions. If they were, he may not be charged as a felon in possession of a firearm.

### Restoration of Civil Rights Under M.C.L. § 750.224(f)

■ Pursuant to 18 U.S.C. § 922(g), it is unlawful for a person convicted of a crime punishable by imprisonment for a term exceeding one year to ship, transport, or possess a firearm. See 18 U.S.C. § 922(g). What constitutes a conviction of such a crime is to be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction for which a person has had civil rights restored shall not be considered a conviction unless such restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms. See 18 U.S.C. § 921(a)(20). "The law of the state of conviction ... determines the restoration of civil rights...." Caron v. United States, 524 U.S. 308, 316, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998). To determine such restoration, a district court must "look to the whole of state law of the state of conviction to determine whether the "convicted felon" is entitled to vote, hold public office and serve on a jury and also whether the "convicted felon" is entitled to execute the privileges of shipping, transporting, possessing, or receiving a firearm." United States v. Cassidy, 899 F.2d 543, 548 (6th Cir.1990).

■ Under Michigan law, a felon's right to possess firearms is restricted even after his civil rights have been restored. A person convicted of a 'specified felony' is prohibited from possessing a firearm for 5 years. See M.C.L. § 750.224(f). A 'specified felony' is a felony in which an element is the use, attempted use, or threatened use of physical force against the person or property of another. See M.C.L. § 750.224(f)(6)(i). The expiration of 5 years has occurred if the person has: (i) paid all fines imposed for the violation, (ii) served all terms of imprisonment imposed for the violation and (iii) successfully completed all conditions of probation or parole imposed for the felony violation more than five years ago. See M.C.L. § 750.224(f)(2)(a). A person who is prohibited from possessing, using, transporting, selling, purchasing, carrying, shipping, receiving, or distributing a firearm under § 750.224(f)(2) may apply to the concealed weapons licensing board in the county in which he or she resides for restoration of those rights. See M.C.L. § 28.424(1).

In Hampton v. United States, 191 F.3d 695 (6th Cir.1999), the defendant's predicate offense for the § 922 conviction was a 1986 state conviction. More than 5 years

had elapsed between the 1986 felony conviction and the 1994 weapons offense charged. Accordingly, Hampton's civil rights had been restored pursuant to 18 U.S.C. § 921 as well as his right to possess a weapon under M.C.L. § 750.224(f)(6)(ii). In light of *Hampton*, Defendant Williams contends that counts 4 and 6 of his indictment must be dismissed because at the time of the offense, he was no longer a 'convicted felon' under 18 U.S.C. § 921(a)(20) as the State of Michigan had fully restored his civil rights.

In response, the government concedes that more than 5 years elapsed between the termination of Williams' parole and the 1996 and 1998 weapon offenses. However, the government asserts that Williams remained a 'convicted felon' in 1996 and 1998 because of his failure to apply to the concealed weapons licensing board in the county in which he resided for restoration of his civil rights and right to carry a weapon. *See* M.C.L. § 28.424. The government further contends that a state law limitation on a felon's right to possess a firearm triggers the "unless" clause, activating the federal ban under 18 U.S.C. § 922(g)(1) against possessing any firearms at all. *See Caron v. United States,* 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998).

The *Hampton* court is silent on the issue of whether Hampton applied to have his right to possess firearms restored or whether he merely met all of the statutory requisites. The defendant in *Hampton*, just as the defendant in the instant matter, had a previous conviction for carrying a concealed weapon. However, the discussion in the *Hampton* opinion regarding their defendant's application to restore his firearm rights is limited to the following statement: "[M]oreover, Petitioner's right to possess firearms had been restored. Mich Comp. Laws Ann. §§ 28.422(3)(d); 750.224f." M.C.L. § 28.422(3)(d) merely establishes the requirement that there be no pending felony charges against the person at the time of the application. *See* M.C.L.

§ 28.422(3)(d). Moreover, the *Hampton* court held that there are only "three civil rights considered key by the Sixth Circuit—the right to vote, hold public office and serve on a jury," *Hampton, supra* at 699, citing *United States v. Driscoll,* 970 F.2d 1472 at 1480 (6th Cir.1992) (determining that a state restores the civil rights of felons if it allows them to vote, hold public office and serve on juries).

Both the holding and dicta of *Hampton* suggest that Williams' failure to apply for restoration of his right to possess a weapon is inconsequential if his "key" civil rights were restored. As discussed above, Williams' key civil rights to vote, hold public office and serve as a juror were restored on January 20, 1991, more than 5 years before the 1996 and 1998 weapons offenses charged here.

Accordingly, Defendant Williams was not a 'convicted felon' within the definition of § 921(a)(20) on September 23, 1996 and January 13, 1998 and counts 4 and 6 of the superceding indictment must be dismissed.

### The Ex Post Facto Clause

Defendant further argues that application of M.C.L. § 750.224(f) violates the Ex Post Facto Clause of the U.S. Constitution as it was enacted in 1992, years after his 1975, 1978 and 1986 convictions and 1 year after the 1991 termination of his probation.

The merits of this argument need not be addressed as the previous discussion of whether his civil rights were restored is decisive on the matter before this Court.

NOW THEREFORE;

IT IS HEREBY ORDERED that Defendant's motion to dismiss counts 4 and 6 is GRANTED.

IT IS SO ORDERED.