**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul GAUTHIER, Defendant– Appellant.**

No. 00–1028.

United States Court of Appeals, Sixth Circuit.

June 11, 2001.

Before GUY, NORRIS, and GILMAN, Circuit Judges.

Paul Gauthier pleaded guilty to being a felon in possession of firearms, a violation of 18 U.S.C. § 922(g). On December 20, 1999, he was sentenced to forty-one months of imprisonment and two years of supervised release. Gauthier's appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

The attorney who represented Gauthier in district court has filed a motion to withdraw, with a brief indicating that there are no issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel suggests that Gauthier may wish to argue that his conviction was improper because his civil rights had been restored. Gauthier has filed a brief that amplifies this argument. He has also filed motions for the appointment of new counsel, for appeal bond, and for an expedited appeal.

Gauthier did not raise any claim regarding the restoration of his rights in the district court. Thus, he has forfeited this claim in the absence of plain error. *See United States v. Barajas–Nunez,* 91 F.3d 826, 830 (6th Cir.1996).

A prior felony conviction under § 922(g) does not include a conviction for which the defendant's civil rights have been restored, unless the restoration expressly provides that he may not ship, transport, possess, or receive firearms. 18 U.S.C. § 921(a)(20). The civil rights of a Michigan felon to serve on a jury, to vote and to hold public office may be fully restored. *See Hampton v. United States,* 191 F.3d 695, 699–702 (6th Cir.1999). Nevertheless, Gauthier's argument fails because he did not show that his right to possess a firearm had been restored under state law.

The right of a Michigan felon to possess a firearm may be restored several years after he has completed service of his sentence. Mich. Comp. Laws § 750.224f. However, Gauthier's prior conviction was a specified felony within the meaning of § 750.224f(2)(b). Thus, state law required him to obtain permission from the concealed weapons licensing board before he possessed a firearm. *See* Mich. Comp. Laws § 28.424. It is undisputed that Gauthier did not satisfy this requirement.

Citing *United States v. Williams,* 122 F.Supp.2d 782, 784 (E.D.Mich.2000), Gauthier now argues that the failure to apply for a firearms permit under § 28.424 was not relevant, as his other civil rights had been restored. This argument lacks merit because § 750.224f(2)(b) specifically references § 28.424. Moreover, the filing of a § 28.424 application is not a mere formality, even if the statute's other requirements are met. Instead, the board evaluates the applicant's record and reputation to determine whether he is likely to act in a dangerous manner. Mich. Comp. Laws § 28.424(c). Indeed, an applicant

who has been convicted of a specified felony will be criminally liable under state law, if he possesses a firearm before his rights are restored under § 28.424. *People v. Tucker,* 620 N.W.2d 305 (Mich.2000) (table). Therefore, Gauthier's § 922(g) conviction was not plainly erroneous, as his right to possess a firearm had not been restored under state law. *See United States v. Carnes,* 113 F.Supp.2d 1145, 1160–61 (E.D.Mich.2000); *United States v. Green,* 109 F.Supp.2d 688, 689–91 (E.D.Mich.2000).

An independent review of the proceedings reveals no other issues for appeal. *See Anders,* 386 U.S. at 744. The rearraignment transcript shows that Gauthier's guilty plea was valid and that the district court substantially complied with the requirements of Fed.R.Crim.P. 11. Gauthier acknowledged a factual basis for his plea, and indicated that the decision to plead guilty was voluntary. He was represented by counsel, and he has not attempted to withdraw his plea.

Gauthier did not raise any legal arguments at sentencing. Thus, he has forfeited any sentencing claims that he might have in the absence of plain error. *See Barajas–Nunez,* 91 F.3d at 830. No error is apparent, as Gauthier signed a plea agreement in which he expressly waived any claims that he might have regarding the calculation of the applicable guideline range. *See United States v. Allison,* 59 F.3d 43, 46 (6th Cir.1995). His sentence was authorized by statute, and it fell at the very bottom of that range.

Accordingly, counsel's motion to withdraw is granted, all other pending motions are denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.