PEOPLE v MUNN

Docket No. 149104. Submitted November 20, 1992, at Lansing. Decided March 16, 1993, at 9:15 A.M.

David H. Munn pleaded guilty in the Saginaw Circuit Court, Patrick M. Meter, J., of first-degree retail fraud and of being an habitual offender, third offense. He was sentenced to 2½ to 4 years' imprisonment. He appealed, challenging the first-degree retail fraud statute on the basis of vagueness.

The Court of Appeals *held:*

The first-degree retail fraud statute, MCL 750.356c; MSA 28.588(3), is not unconstitutionally vague. The statute clearly provides that anyone who commits a shoplifting offense that otherwise would be a misdemeanor under MCL 750.356d(1)(b); MSA 28.588(4)(1)(b), but who also has a prior conviction of, among other things, a larceny, is guilty of the felony of first-degree retail fraud. The defendant's twenty-year-old conviction for the theft of a snowmobile was properly used to enhance his misdemeanor shoplifting offense to a felony offense.

Affirmed.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *Michael D. Thomas,* Prosecuting Attorney, and *Edwin R. Brown,* Assistant Prosecuting Attorney, for the people.

*Roberta M. Gubbins,* for the defendant on appeal.

Before: R. J. DANHOF, P.J., and J. H. GILLIS and W. R. BEASLEY,* JJ.

PER CURIAM. Defendant pleaded guilty of first-

* Former Court of Appeals judges, sitting on the Court of Appeals by assignment pursuant to Administrative Order Nos. 1991-9 and 1992-6.

degree retail fraud, MCL 750.356c; MSA 28.588(3), and of being an habitual offender, third offense, MCL 769.11; MSA 28.1083. After being sentenced to 2½ to 4 years' imprisonment, he filed this appeal as of right. We affirm.

Defendant's sole claim on appeal is that MCL 750.356c; MSA 28.588(3) is unconstitutionally vague because he had no way of knowing that his twenty-year-old conviction for the theft of a snowmobile could be used to enhance a misdemeanor shoplifting offense to a felony status. We disagree. The ordinary and plain language of the applicable statute provides, in clear and understandable terms, that anyone who commits a shoplifting offense that would otherwise be a misdemeanor under MCL 750.356d(1)(b); MSA 28.588(4)(1)(b) but who also has a prior conviction of, among other things, a larceny, is guilty of the felony offense of first-degree retail fraud. MCL 750.356c(2); MSA 28.588(3)(2). The language used to prohibit the act or conduct is not so vague that men of common intelligence must necessarily guess at its meaning. *State Treasurer v Wilson (On Remand)*, 150 Mich App 78, 80-81; 388 NW2d 312 (1986). Further, defendant's challenge to the statute that is premised on a reading of its title only is without merit because an analysis of a void-for-vagueness claim requires an examination of the entire text of the applicable statute. *People v Jackson*, 140 Mich App 283; 364 NW2d 310 (1985). Finally, that defendant was unaware that his conduct was proscribed by a penal statute is irrelevant to a determination whether the statute is unconstitutionally vague. Ignorance of the law is no excuse. *People v Turmon*, 417 Mich 638, 657; 340 NW2d 620 (1983) (citing 4 Blackstone, Commentaries, p 27).

Affirmed.