**UNITED STATES, Plaintiff,**

v.

**Lorenzo Lee GREEN, Defendant.**

No. 99–CR–80736–01.

United States District Court,
E.D. Michigan,
Southern Division.

June 14, 2000.

Michael O. Lang, Ausa, Detroit, MI, for plaintiff.

Paul D. Muller, Farmington, MI, for defendant.

### *OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS INDICTMENT*

DUGGAN, District Judge.

On July 21, 1999, a federal grand jury returned a two-count indictment against Defendant Lorenzo Lee Green, charging Defendant with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g) (Count One), and one count of felon in possession of ammunition also in violation of 18 U.S.C. § 922(g) (Count Two). This matter is currently before the Court on Defendant's motion to dismiss the indictment. Oral argument regarding Defendant's motion was heard on June 14, 2000. For the following reasons, Defendant's motion to dismiss the indictment shall be denied.

Count One of the indictment states that on or about July 25, 1997, Defendant was

found in possession of a Glock semi-automatic pistol. Count Two of the indictment states that on or about November 19, 1997, Defendant was found in possession of various types of ammunition.

18 U.S.C. § 922(g)(1) states:

It shall be unlawful for any person ... who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Defendant's charges under § 922(g) are predicated upon his October 1984 state court conviction for armed robbery, MICH. COMP. LAWS § 750.529.

Defendant, however, contends that the indictment must be dismissed because he was not a "convicted felon" for purposes of § 922(g) on the dates charged in the indictment. In determining whether an individual is a "convicted felon" for purposes of § 922(g), 18 U.S.C. § 921(a)(20)(B) provides that:

What constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held. Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the

person may not ship, transport, possess, or receive firearms.

Defendant, relying upon the Sixth Circuit's recent decision in *Hampton v. United States*, 191 F.3d 695 (6th Cir.1999), contends that his civil rights were restored for purposes of § 921(a)(20)(B) when he successfully completed parole on October 4, 1992.[1] (Def.'s Br. Supp. Mot. Dismiss at 2).

The Government does not dispute the fact that Defendant's civil rights to vote, hold public office, and serve on a jury were restored as of October 4, 1992. Instead, the Government argues that under the "unless" clause of § 921(a)(20)(B),[2] Defendant remained a "convicted felon" subject to prosecution under § 922(g) on the dates charged in the indictment because, although his civil rights to vote, hold public office, and serve on a jury had been restored, his right to possess firearms remained expressly restricted under Michigan law.

In determining whether Defendant's firearm rights were expressly restricted by Michigan law on the dates charged in the indictment, the Court "must look to the *whole of state law* of the state of conviction." *United States v. Cassidy*, 899 F.2d 543, 549 (6th Cir.1990) (emphasis added). *See also United States v. Scarberry*, No. 99–3205, 2000 WL 712381 at *3 (6th Cir. May 23, 2000) (recognizing continued validity of *Cassidy*). Michigan Compiled Laws § 750.224f(2) specifically states that:

A person convicted of a *specified*[3] felony *shall not possess*, use, transport, sell,

---

1. In *Hampton*, the Sixth Circuit held that the civil rights considered key by the Sixth Circuit, *i.e.*, the rights to vote, hold public office, and serve on a jury, are restored under Michigan law upon completion of the convicted felon's sentence. *See Hampton*, 191 F.3d at 699–702.

2. Referring to the clause: "[U]nless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." 18 U.S.C. § 921(a)(20)(B).

3. "Specified" felonies include all felonies for which "[a]n element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." MICH. COMP. LAWS § 750.224f(6)(i). Defendant's conviction for armed robbery under Michigan Compiled Laws § 750.529 clearly falls within the category of "specified" felonies.

purchase, carry, ship, receive, or distribute a firearm in this state until *all* of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(i) The person has paid all fines imposed for the violation.

(ii) The person has served all terms of imprisonment imposed for the violation.

(iii) The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) *The person's right to possess,* use, transport, sell, purchase, carry, ship, receive, or distribute a firearm *has been restored pursuant to* section 4 of Act No. 372 of the Public Acts of 1927, being *section 28.424 of the Michigan Compiled Laws.*[4]

(emphasis added).

Under the express terms of § 750.224f(2), a convicted felon's firearm rights are not restored under Michigan law until two things occur: (1) five years have elapsed since all fines were paid, all terms of imprisonment were served, and all terms of probation or parole were successfully completed[5] and (2) the felon has applied for, and been expressly granted, a restoration of such rights by the concealed weapons licensing board.

Accordingly, Defendant's motion to dismiss fails with respect to Count One of the indictment for two reasons. First, the date charged under Count One of the indictment, July 25, 1997, clearly falls within the five year period proscribed by § 750.224f(2)(a). *See Kramer v. United States,* 2000 WL 654830 (E.D.Mich.2000) (holding that defendant who was convicted of a "specified" felony was subject to prosecution under § 922(g) because he was found in possession of firearm less than five years after his discharge from parole). Second, it is undisputed that Defendant had never applied for, nor had the concealed weapons licensing board ever expressly granted, restoration of Defendant's firearm rights prior to July 25, 1997, as required under § 750.224f(2)(b). *See, e.g., Caron v. United States,* 524 U.S. 308, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998) (holding that defendant was subject to prosecution under § 922(g) because state had not fully restored defendant's firearm rights); *United States v. Casey,* 2000 WL 516526 (E.D.Mich.2000) (finding defendant subject to prosecution under § 922(g) because his rights to possess firearms had not been restored under MICH. COMP. LAWS § 750.224f); *United States v. Brown,* 69 F.Supp.2d 925 (E.D.Mich.1999) (finding that under "all-or-nothing" nature of the "unless" clause enunciated in *Caron,* defendant was subject to prosecution under § 922(g) because Michigan law did not restore convicted felon's right to carry a concealed pistol, or to carry a pistol in an automobile).

Similarly, although the date charged under Count Two of the indictment, Novem-

---

**4.** In pertinent part, Michigan Compiled Laws § 28.424 states:

28.424. *Restoration of rights* to possess, use, transport, etc. firearms; application to concealed weapons licensing board, fee, evidence; petition for review of decision

Sec. 4. (1) A person who is prohibited from possessing, using, transporting, selling, purchasing, carrying, shipping, receiving, or distributing a firearm under section 224f(2) ... *may apply* to the concealed weapons licensing board in the county in which he or she resides for restoration of those rights.

\* \* \* \* \* \*

(3) The concealed weapons licensing board shall, by written order of the board, *restore*

the rights of a person to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm if the board determines, by clear and convincing evidence, that all of the following circumstances exist:

(a) *The person properly submitted an application for restoration* of those rights as provided under this section.

\* \* \* \* \* \*

(c) The person's record and reputation are such that the person is not likely to act in a manner dangerous to the safety of other persons.

(emphasis added).

**5.** In Defendant's case, this five year period expired on October 4, 1997.

ber 19, 1997, clearly falls outside the five year period proscribed by § 750.224f(2)(a), Defendant's motion to dismiss nevertheless fails with respect to Count Two because, as with Count One, Defendant had not applied for, and there had been no restoration of, his firearm rights as required under § 750.224f(2)(b).

Because Defendant's rights with respect to firearms were never restored under Michigan law, Defendant remained a "convicted felon" subject to prosecution under § 922(g) on the dates charged in the indictment despite the restoration of his civil rights to vote, hold public office, and serve on a jury, and therefore,

**IT IS ORDERED** that Defendant's motion to dismiss the indictment is **DENIED.**