TUGGLE v DEPARTMENT OF STATE POLICE

Docket No. 255034. Submitted December 7, 2005, at Grand Rapids.
Decided December 13, 2005. Approved for publication February 9,
2006, at 9:00 a.m.

William G. Tuggle and Vincent L. Yurkowski brought an action in
the Ottawa Circuit Court against the Department of State Police
(MSP) and the director of that department, seeking declaratory
and mandamus relief from the MSP's classification as "specified
felonies" the plaintiffs' 1985 convictions of attempted breaking
and entering an unoccupied dwelling with intent to steal. Under
MCL 750.224f, which controls the possession of firearms by those
who have committed specified felonies, the plaintiffs, must meet
more stringent requirements to obtain firearms than those im-
posed on persons convicted of nonspecified felonies. The court,
Edward R. Post, J., granted summary disposition for the defen-
dants, determining that the offenses were specified felonies and
that mandamus was inappropriate because the MSP records are
not inaccurate in classifying the offenses as specified offenses. The
plaintiffs appealed.

The Court of Appeals *held*:

1. The circuit court did not err in granting summary dispo-
sition for the defendants. A plain reading of MCL 750.244f(6)(i)
includes in "specified felonies" those involving force or threat-
ened or attempted force against the property of another. An
essential element of breaking and entering is that force, no
matter how slight, must be used in the breaking. Plaintiffs
committed a specified felony because attempted or threatened
use of force against the property was an element of the crime for
which each plaintiff was convicted. An offense may qualify as a
specified offense under more than one category of MCL
750.224f(6). That breaking and entering an occupied dwelling
with intent to steal is separately listed in MCL 750.224f(6)(v)
does not mean that a breaking and entering an unoccupied
dwelling with intent to steal is not included as a specified
offense under another subpart, such as, in this case, subpart
6(i).

2. Mandamus was not appropriate for the correction of the MSP records because the plaintiffs have not established that a writ of mandamus is their only means of redress.

Affirmed.

WEAPONS — FIREARMS — POSSESSION BY FELONS — SPECIFIED OFFENSES — ATTEMPTED BREAKING AND ENTERING AN UNOCCUPIED DWELLING.

Limitations are set by statute on the possession of firearms by felons who committed specified felonies; attempted breaking and entering an unoccupied dwelling with intent to steal is one of the specified felonies because an essential element of breaking and entering is that force, no matter how slight, must be used in the breaking, and a felony involving the use of force against property qualifies as a specified felony (MCL 750.110, 750.244f[2], 750.244f[6][i]).

*Steven J. Vander Ark* for the plaintiffs.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, and *James E. Long*, Assistant Attorney General, for the defendants.

Before: WHITBECK, C.J., and BANDSTRA and SMOLENSKI, JJ.

PER CURIAM. Plaintiffs appeal as of right the circuit court's grant of summary disposition for defendants[1] and denial of plaintiffs' cross-motion for summary disposition.[2] We affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiffs' original action in this matter requested declaratory and mandamus relief regarding defendants' classification of plaintiffs' 1985 convictions of attempted breaking and entering an unoccupied dwelling[3]

---

[1] MCR 2.116(C)(8) and (10).

[2] MCR 2.116(C)(10).

[3] MCL 750.110; MCL 750.92.

as specified felonies.[4] Plaintiffs contended that the specified felony classification of their convictions was erroneous and improperly impeded their right to own firearms under Michigan and federal law.

The primary issue in this matter involves the interpretation of what constitutes a "specified felony" under MCL 750.224f, which provides:

(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation.

(2) A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(i) The person has paid all fines imposed for the violation.

(ii) The person has served all terms of imprisonment imposed for the violation.

(iii) The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424 of the Michigan

---

[4] MCL 750.224f(6).

Compiled Laws. [This entails going before the local concealed weapons board and seeking restoration through application of the individual's right to possess firearms.]

\* \* \*

(4) This section does not apply to a conviction that has been expunged or set aside, or for which the person has been pardoned, unless the expunction, order, or pardon expressly provides that the person shall not possess a firearm.

(5) As used in this section, "felony" means a violation of a law of this state, or of another state, or of the United States that is punishable by imprisonment for 4 years or more, or an attempt to violate such a law.

(6) As used in subsection (2), "specified felony" means a felony in which 1 or more of the following circumstances exist:

(i) An element of that felony in the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

(ii) An element of that felony is the unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance.

(iii) An element of that felony is the unlawful possession or distribution of a firearm.

(iv) An element of that felony is the unlawful use of an explosive.

(v) The felony is burglary of an occupied dwelling, or breaking and entering an occupied dwelling, or arson.

Both plaintiffs pleaded guilty of attempted breaking and entering an unoccupied dwelling in 1985. According to plaintiffs, they broke into the Lake Shore Beverage Company with the intent to steal beverages. Plaintiffs

were sentenced to probation, which they successfully completed. Plaintiffs' criminal records reflect that they were found guilty and convicted, under MCL 750.110, of the attempted felony of breaking and entering a building with the intent to steal. Plaintiffs assert that defendant Michigan State Police [MSP] has used offense codes to classify crimes based on the criminal convictions reflected in the computerized records and that this information is then used to "flag" individuals disqualified from purchasing firearms.

Plaintiff Tuggle attempted to purchase a firearm in 2001, but he was turned away because the MSP concluded that he had committed a specified felony[5] and had not complied with the requirements of MCL 750.224f, in order to be eligible to have his right to possess a firearm restored. Because plaintiffs had not sought restoration of their firearm rights through their local gun board pursuant to MCL 750.224f(2)(b), the MSP's position was that plaintiffs' convictions for specified felonies disqualified them from owning firearms. In contrast, plaintiffs alleged that their rights to own firearms were automatically restored under the statute in effect at the time of their convictions, which precluded felons from owning firearms for eight years following the completion of the felon's sentence. In the alternative, plaintiffs contended that their crimes were not specified felonies and that their right to own firearms had been automatically restored three years after successful completion of their probation.[6]

Plaintiffs requested a judgment declaring that attempted breaking and entering an unoccupied building was not a specified felony, that their rights to own and possess firearms were restored not later than 1995, and

---

[5] MCL 750.224f(6).

[6] MCL 750.224f(1).

that the MSP records disqualifying plaintiffs from owning firearms were erroneous.[7] Plaintiffs also requested a writ of mandamus directing the MSP to maintain their criminal records without marking them as ineligible to own firearms.

Defendants filed a motion for summary disposition under both MCR 2.116(C)(8) and (C)(10), arguing that plaintiffs had committed specified felonies under MCL 750.224f(6)(i), because the elements of their felony convictions entailed the use, attempted use, or threatened use of physical force against the property of another person. Defendants also argued that plaintiffs had failed to establish a prima facie case for mandamus relief. The circuit court granted summary disposition in defendants' favor, explaining that

> the crime of breaking and entering an unoccupied dwelling unquestionably is a felony that[,] by its nature, involves substantial risk that physical force against the property of another may be used in the course of committing the offense. Therefore, this Court holds that this felony is a "specified felony."

The trial court did not reach plaintiffs' arguments relating to the propriety of mandamus relief. It is from this order that plaintiffs appeal as of right.

## II. "SPECIFIED FELONIES"

### A. STANDARD OF REVIEW

We review de novo both the trial court's decision to

---

[7] Under federal law, the rights of felons to own firearms are governed by the relevant state jurisdiction's restoration of felons' civil rights, including the restoration of the unfettered rights to own and carry firearms. 18 USC 921(a)(20); 18 USC 922(g)(1); *Caron v United States*, 524 US 308; 118 S Ct 2007; 141 L Ed 2d 303 (1998); *United States v Green*, 109 F Supp 2d 688, 690 (ED Mich, 2000).

grant defendants' motion for summary disposition and questions of statutory interpretation.[8]

## B. INTERPRETING THE STATUTE

It is a goal of the judiciary "to give effect to the intent of the Legislature by reviewing the plain language of the statute."[9] " 'Unless defined in the statute, every word or phrase should be accorded its plain and ordinary meaning, taking into account the context in which the words are used.' "[10] Statutes are to be interpreted to give weight to all language contained therein so as not to render any portion of the statute surplusage or nugatory.[11]

Plaintiffs couple the rules of statutory interpretation with the maxim that the expression of one thing means the exclusion of another, or *expressio unius est exclusio alterius*.[12] According to plaintiffs, the inclusion of breaking and entering of an occupied dwelling as a separately listed specified felony in MCL 750.224f(6)(v) strongly implies that breaking and entering an unoccupied building is excluded from the definition of a specified felony. To adopt defendants' reading of the statute, which includes breaking and entering an unoccupied building as a crime involving the attempted or threatened use of force against the property of another in the general definition of a specified felony provided by MCL

---

[8] *People v Perkins*, 473 Mich 626, 630; 703 NW2d 448 (2005); *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999).

[9] *Perkins, supra* at 630.

[10] *People v Parker*, 230 Mich App 677, 686; 584 NW2d 753 (1998) (citation omitted).

[11] *Perkins, supra* at 638.

[12] *Pittsfield Twp v Washtenaw Co*, 468 Mich 702, 712-714; 664 NW2d 193 (2003); *Elliott v Genesee Co*, 166 Mich App 11, 15; 419 NW2d 762 (1988).

750.224f(6)(i), plaintiffs contend, would impermissibly render the specified felonies listed in MCL 750.224f(6)(v) surplusage to the general definition. Further, according to plaintiffs, the only possible legislative reason for specifically listing breaking and entering an occupied dwelling as a specified felony would be to differentiate that crime from breaking and entering an unoccupied dwelling.

We note that the rule of *expressio unius est exclusio alterius* is a rule of statutory interpretation meant to help ascertain the intent of the Legislature, and "[i]t does not automatically lead to results."[13] The rule does not subsume the plain language of the statute when determining the intent of the Legislature.[14] Defendants argued before the trial court that the plain language of MCL 750.224(6), which states that a " 'specified felony' means a felony in which 1 or more of the following circumstances exist," indicates that the Legislature contemplated and accepted the fact that some specified felonies could be considered specified felonies under more than one provision of the definition in MCL 750.224f(6). We agree. For example, we note that an individual could be convicted of a crime that involved the illegal use of explosives, which is a specified felony under MCL 750.224f(6)(iv), but that the crime could also be the specified felony of arson,[15] and be a specified felony by involving force against the property of another.[16]

However, defendants now largely ignore this argument, as well as the central contentions of plaintiffs'

---

[13] *Luttrell v Dep't of Corrections*, 421 Mich 93, 107; 365 NW2d 74 (1984).

[14] *Id.*

[15] MCL 750.224f(6)(v).

[16] MCL 750.224f(6)(i).

position, primarily asserting that breaking and entering an unoccupied dwelling falls within the definition of MCL 750.224f(6)(i), and that the definition of specified felony in MCL 750.224f(6)(v) is irrelevant. According to defendants, an essential element of breaking and entering is that force, "no matter how slight," be used in the breaking.[17] Therefore, defendants assert, because, at the least, threatened use of force against property was an element of the crimes for which plaintiffs were convicted, plaintiffs committed a specified felony.[18]

In support of this argument, defendants assert that both the MSP and the federal Bureau of Alcohol, Tobacco and Firearms (ATF) have long defined breaking and entering an unoccupied building as a specified felony. As a result, defendants argue, this longstanding agency interpretation should not be overruled without cogent reasons.[19] Additionally, according to defendants, the Legislature's "silence in the face of an agency's construction of a statute 'can only be construed as consent to the accuracy of that interpretation.' "[20] Yet we note that the Michigan Supreme Court has moved away from the "reenactment rule," declining to impose a duty on the Legislature to indicate its intention to repudiate judicial construction of laws through subsequent enactments of legislation.[21] In light of this holding, it is unlikely that legislative silence in the face of

---

[17] See *People v Kedo*, 108 Mich App 310, 318; 310 NW2d 224 (1981).

[18] MCL 750.224f(6)(i).

[19] *Michigan ex rel Oakland Co Prosecutor v Dep't of Corrections*, 199 Mich App 681, 691-692; 503 NW2d 465 (1993).

[20] *Dykstra v Dep't of Natural Resources*, 198 Mich App 482, 489-490; 499 NW2d 367 (1993) (citation deleted).

[21] *Jones v Dep't of Corrections*, 468 Mich 646, 657; 664 NW2d 717 (2003).

agency construction remains a strong indicator of legislative approval of defendants' interpretation of the statute.

We further note that one of our Supreme Court's more recent interpretations of MCL 750.224f(6) could readily support either parties' position in this case. In *People v Perkins*, the Court ruled that larceny from the person is a crime that inherently creates a substantial risk that physical force might be used against the person or property of another, and that the crime is thus a specified felony.[22] When read in this manner, the ruling supports defendants' position that crimes not otherwise specified in the statute can be considered specified felonies per se because of the nature of the crime.

However, the language of the ruling implies that, to be a specified felony, there must be a substantial risk of harm to a person, which is absent from a theft crime committed outside the owner's presence.[23] Indeed, plaintiffs here assert that there are no opinions interpreting MCL 750.224f(6)(i) to apply to a crime of force against property, only those applying the provision to crimes of force against people. The implication of plaintiffs' observation appears to be that felonies involving attempted or threatened force against property should not be considered specified felonies under the statute.

On balance, we decline to negate the "physical force against the person *or property* of another" portion of the definition of specified felony.[24] Therefore, on the basis of a plain reading of the statute and on the likelihood that felonies could easily fall within one or more categories

---

[22] *Perkins, supra* at 632-635.

[23] *Id.* at 635.

[24] MCL 750.224f(6)(i) (emphasis added).

of the definition of specified felonies · under MCL 750.224f(6), we affirm the circuit court's grant of summary disposition for defendants.

### III. MANDAMUS

#### A. STANDARD OF REVIEW

We review de novo a trial court's determination on a motion for summary disposition.[25] Whether defendants had a clear legal duty to perform and whether plaintiffs had a clear legal right to the performance of that duty, the first two steps in the test for assessing the propriety of a writ of mandamus, are questions of law that we also review de novo.[26]

#### B. LEGAL STANDARDS

Plaintiffs contend that, should this Court hold that breaking and entering of an unoccupied building is not a specified felony and should this Court consider the appropriate remedy as part of its order of remand, a writ of mandamus ordering correction of plaintiffs' criminal records is appropriate. According to plaintiffs, their criminal records do not include the information that they were convicted of breaking and entering an unoccupied building; rather, they simply state that they were convicted of attempted breaking and entering a building. The crimes of breaking and entering occupied and unoccupied structures were both included in MCL 750.110 at the time plaintiffs were convicted in 1985. It is plaintiffs' position that, if breaking and entering an unoccupied structure is not a specified felony for purposes of MCL 750.224f, then the omission of the word

---

[25] *Maiden, supra* at 118.

[26] *Citizens for Protection of Marriage v Bd of State Canvassers*, 263 Mich App 487, 491-492; 688 NW2d 538 (2004).

"unoccupied" from their criminal records causes them to be erroneously marked as ineligible to own firearms.

"The issuance of a writ of mandamus is proper where (1) the party seeking the writ has a clear legal right to performance of the specific duty sought, (2) the defendant has the clear legal duty to perform the act requested, (3) the act is ministerial and involves no exercise of discretion of judgment, and (4) no other remedy exists, legal or equitable, that might achieve the same result."[27] Plaintiffs bear "the burden of demonstrating entitlement to the extraordinary remedy of a writ of mandamus."[28]

### C. APPLYING THE STANDARDS

Here, plaintiffs contend that defendants have admitted their duty to maintain accurate criminal records and that plaintiffs have a clear legal right to have their records accurately maintained. Plaintiffs further contend that the maintenance of records is purely ministerial and that they have no other remedy by which to seek correction of their records.

However, defendants point out that plaintiffs' criminal records are not incorrectly maintained as they now stand and that plaintiffs' contentions are based on the assertion that their convictions were not for specified felonies. Defendants dispute plaintiffs' position, asserting that the ATF supports the MSP's position that plaintiffs' convictions were for specified felonies. Perhaps more important, defendants assert that plaintiffs have not provided any law or regulation that entitles

---

[27] *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636 NW2d 272 (2001). See also *Delly v Bureau of State Lottery*, 183 Mich App 258, 260-261; 454 NW2d 141 (1990).

[28] *Citizens for Protection of Marriage, supra* at 492.

them to a change in their criminal records. In defendants' view, the fact that plaintiffs are seeking declaratory judgment undermines their claims that they have a clearly established right to any change in their criminal records.

We note that defendants have not refused to change plaintiffs' criminal records in the face of a judicial determination that breaking and entering an unoccupied building is not a specified felony. Therefore, because defendants have not yet refused to execute their duties in contravention of a clearly established right, we conclude that plaintiffs have not established that a writ of mandamus is their only means of redress. Plaintiffs have cited, as their only support for their position, *Delly v Bureau of State Lottery*.[29] In *Delly*, this Court held that the plaintiff had not established a right to keep a state-licensed lottery terminal in a convenience store that the plaintiff purchased and that, for that reason and others, a writ of mandamus granting the plaintiff a lottery terminal was not appropriate.[30] Because plaintiffs have the burden of demonstrating that a writ of mandamus is appropriate,[31] a general citation to a single, factually inapposite case is clearly inadequate support for plaintiffs' position on appeal.[32] Therefore, we deny plaintiffs' request for a writ of mandamus.

Affirmed.

---

[29] *Delly, supra.*

[30] *Id.* at 261-263.

[31] *Citizens for Protection of Marriage, supra* at 492.

[32] See *Yee v Shiawassee Co Bd of Comm'rs*, 251 Mich App 379, 406; 651 NW2d 756 (2002).