*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 06a0308p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

—————————

UNITED STATES OF AMERICA,

        *Plaintiff-Appellee,*

    *v.*

THOMAS VERNON PHILP,

        *Defendant-Appellant.*

> No. 05-5308

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 03-00013—Todd J. Campbell, District Judge.

Argued: January 25, 2006

Decided and Filed: August 22, 2006

Before: SILER, SUTTON, and COOK, Circuit Judges.

—————————

**COUNSEL**

**ARGUED:** Samuel J. Harris, Cookeville, Tennessee, for Appellant. Philip H. Wehby, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee. **ON BRIEF:** Samuel J. Harris, Cookeville, Tennessee, for Appellant. Philip H. Wehby, ASSISTANT UNITED STATES ATTORNEY, Nashville, Tennessee, for Appellee.

—————————

**OPINION**

—————————

SILER, Circuit Judge. Defendant Thomas Philp appeals the denial of his motion to dismiss count one of his indictment charging him with being a felon-in-possession of a firearm in violation of 18 U.S.C. §§ 924 and 922(g)(1). Philp asserts that his breaking and entering of an unoccupied dwelling conviction from 30 years ago cannot support the felon-in-possession charge because, under Michigan law, his "civil rights were restored" by operation of law and therefore his breaking and entering conviction cannot be considered a "conviction." Thus, the question we must address is whether "breaking and entering of an unoccupied building" is a "specified felony" under MICH. COMP. LAWS ANN. § 750.224(f). Conviction of a specified felony requires that a person apply for the right to possess firearms, which Philp concedes he did not do. Because the Michigan Court of Appeals affirmatively decided this question in *Tuggle v. Michigan Department of State Police*, 712

1

N.W.2d 750 (Mich. Ct. App. 2005),[1] we AFFIRM his conviction and the district court's denial of Philp's motion to dismiss.

## BACKGROUND

Philp was convicted in 1970 of breaking and entering of an unoccupied building in Michigan. He argues his civil rights were restored by virtue of the MICH. COMP. LAWS ANN. § 7540.224f, which provides that a convicted felon may possess a firearm upon the expiration of 3 years after completion of probation or parole. The relevant portions of MICH. COMP. LAWS ANN. § 7540.224f provide:

(1)  Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation.

(2)  A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until all of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(i)  The person has paid all fines imposed for the violation.

(ii)  The person has served all terms of imprisonment imposed for the violation.

(iii)  The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to section 4 of Act No. 372 of the Public Acts of 1927, being section 28.424 of the Michigan Compiled Laws.

\*\*\*

(6)  As used in subsection (2), "specified felony" means a felony in which 1 or more of the following circumstances exist:

---

[1]The Michigan Supreme Court denied an application for leave to appeal this decision on July 31, 2006, ___ N.W.2d ___, 2006 WL 2111110, at \*1.

> (i) An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.
>
> \*\*\*
>
> (v) The felony is burglary of an occupied dwelling or breaking and entering an occupied dwelling, or arson.

The Government argues that Philp's felony was a "specified felony" and that those convicted of the "specified felonies" must apply to have their rights restored to a Concealed Weapon Licensing Board in the county of their residence. *See* MICH. COMP. LAWS ANN. § 28.424. Philp admits that he did not apply and concedes that he loses if breaking and entering of an unoccupied dwelling is a specified felony.

The district court ruled that Philp's conviction of breaking and entering includes the element of "breaking," Michigan law holds that the "breaking" element is satisfied by evidence of "slight force," and, thus, his felony meets the criteria for a "specified felony." It noted Philp's argument that "slight force" does not equate to "physical force" as used in the "specified felony" definition but rejected it on the grounds that "slight force certainly requires use of physical force," which is "physical force" against the person or property of another contained in the "specified felony" definition. The district court concluded that Philp committed a "specified felony," which required him to have applied for restoration of his firearm rights, which he admittedly did not do. Thus, it denied his motion to dismiss.

## ANALYSIS

We review de novo a district court's denial of a motion to dismiss an indictment on legal grounds. *United States v. Crayton*, 357 F.3d 560, 564 (6th Cir. 2004) (citations omitted). We apply state law as decided by the Michigan Supreme Court. When an issue is yet to be decided by the Michigan Supreme Court, we look to "relevant data," including state appellate decisions. *See Kingsley Assocs., Inc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir. 1995). "Relevant data include decisions of the state appellate courts, and those decisions should not be disregarded unless we are presented with persuasive data that the Michigan Supreme Court would decide otherwise." *Id.* at 507.

We are aware of only two persuasive cases directly addressing what constitutes a "specified felony" under Michigan law. The Eleventh Circuit in *United States v. Tait*, 202 F.3d 1320, 1325 (11th Cir. 2000) (attempted larceny from a motor vehicle is not a specified felony), and the Michigan Court of Appeals in *Tuggle v. Dept. of State Police*, 712 N.W.2d 750, 756 (Mich. Ct. App. 2005) (breaking and entering of unoccupied dwelling is a specified felony), reach irreconcilable results.

We will accept the holding of a state intermediate appellate court with respect to state law unless we determine the highest court of the state would decide otherwise. *See Hicks v. Feiock*, 485 U.S. 624, 630 n. 3 (1988). Without demonstrating that the Michigan Supreme Court would decide that breaking and entering of an unoccupied dwelling is not a specified felony, we are "not at liberty to depart from the state appellate court's resolution" of this issue of state law. *Id.* at 629. There is no evidence that the Michigan Supreme Court would decide contrary to *Tuggle*. "In order to determine the Michigan law, we thus turn to the decisions of the Michigan intermediate courts,

which are binding authority in federal courts in the absence of any Michigan Supreme Court precedent." *Hampton v. United States*, 191 F.3d 695, 701-02 (6th Cir. 1999) (citations omitted).

While this appeal was pending the Michigan Court of Appeals decided *Tuggle*, which categorized attempted breaking and entering of an unoccupied dwelling as a "specified felony." 712 N.W.2d at 756.[2] In facts nearly identical to the present case, Tuggle attempted to purchase a firearm in 2001 after he completed his sentence for attempted breaking and entering of an unoccupied dwelling in 1985. His application for purchase of a firearm was denied on the basis that he had committed a specified felony and did not comply with the requirements of MICH. COMP. LAWS ANN. § 750.224f. He challenged that decision in a declaratory action on the ground that attempted breaking and entering of an unoccupied building was not a specified felony. The trial court granted summary judgment stating:

> The crime of breaking and entering an unoccupied dwelling unquestionably is a felony that[,] by its nature, involves substantial risk that physical force against the property of another may be used in the course of committing the offense. Therefore, this Court holds that this felony is a "specified felony."

*Tuggle*, 712 N.W.2d 750, 756-56. Tuggle appealed to the Michigan Court of Appeals, which declined to negate the "physical force against the person or property of another" portion of the definition of specified felony. The court held that breaking and entering was a specified felony because of the plain language of the statute and the likelihood that felonies could easily fall within one or more categories of the definition of specified felonies under MICH. COMP. LAWS ANN. 750.224f(6).

Philp relies on *Tait* where the Eleventh Circuit addressed our issue of interpreting Michigan law regarding a "specified felony" in the context of Tait's attempted-larceny-from-a-motor-vehicle conviction. 202 F.3d at 1325. The *Tait* court held that "Tait's civil rights were unreservedly restored to him by operation of Michigan law, and Tait was not subject to prosecution under 18 U.S.C. § 922(g)(1)." The court upheld the district court's determination that "a logical interpretation of the statute would be that physical force is not required."

The government distinguishes *Tait* as being an analysis of an offense for auto larceny without a "breaking." We agree that the defendant in *Tait* committed a different crime so the differing elements must factor into the assessment of the applicability of the *Tait* opinion. Because there is no indication that the Michigan Supreme Court would not follow *Tuggle*, we hold that breaking and entering of an unoccupied dwelling is a specified felony. Philp failed to restore his right to possess a firearm and thus illegally possessed that firearm. MICH. COMP. LAWS ANN. § 750.224f(2); *People v. Brown*, 642 N.W.2d 382, 383 (Mich. Ct. App. 2002).

AFFIRMED.

---

[2]This case was approved for publication on February 9, 2006.