## PEOPLE v PIERCE

Docket No. 261805. Submitted October 5, 2006, at Lansing. Decided October 10, 2006, at 9:10 a.m. Leave to appeal denied, 477 Mich ___.

Warren J. Pierce was charged in the Muskegon Circuit Court with three counts of being a felon in possession of a firearm, MCL 750.224f, and three counts of possessing a firearm during the commission of a felony, MCL 750.227b. The defendant had previously been convicted of breaking and entering, MCL 750.110. He had applied for and received pistol-purchase licenses from the sheriff's department and was deemed eligible to purchase long guns from a federally licensed dealer, but had not sought restoration of his right to possess firearms pursuant to MCL 28.424. The court, Timothy G. Hicks, J., granted the defendant's motion to dismiss the charges on the basis that his prior conviction was not a specified felony under MCL 750.224f and, therefore, his right to possess firearms had been automatically restored under MCL 750.224f(1). The prosecution appealed.

The Court of Appeals *held*:

1. The trial court erred by granting the defendant's motion to dismiss. MCL 750.224f(6) clearly and unambiguously includes breaking and entering as a specified felony. The charges must be reinstated.

2. MCL 750.224f is not unconstitutionally vague as applied to the defendant in this case. Breaking and entering is a crime that clearly fits within the definition of a "specified felony," and the plain and ordinary language of the statute provides in clear and understandable terms that a person convicted of that crime is subject to the more stringent requirements for restoration of firearm rights. Thus, the statute provides adequate notice to persons of ordinary intelligence concerning the conduct proscribed.

3. The doctrine of entrapment by estoppel precludes prosecution when a defendant establishes by a preponderance of the evidence (1) that a government official advised the defendant that certain illegal conduct was legal, (2) that the defendant actually relied on the official's statements, (3) that the defendant's reliance was reasonable and in good faith given the official's identity, the

point of law represented, and the substance of the official's statement, and (4) that, given the defendant's reliance, prosecution would be unfair. When a defendant claims entrapment, including entrapment by estoppel, the proper procedure is for the trial court to hold an evidentiary hearing. While the trial court held an evidentiary hearing on the defendant's motion, it was not for the purpose of determining whether the defendant could establish entrapment by estoppel. On remand, the trial court must properly consider the defendant's assertion of this defense.

Reversed and remanded.

1. WEAPONS — FIREARMS — RESTORATION OF RIGHT TO POSSESS FIREARMS — SPECIFIED FELONIES — BREAKING AND ENTERING.

Breaking and entering is a specified felony for purposes of the statute that prohibits a person convicted of a felony from possessing, using, transporting, selling, purchasing, carrying, shipping, receiving, or distributing a firearm and that subjects a person convicted of a specified felony to more stringent requirements for the restoration of those firearm rights (MCL 750.110, 750.224f[2], [6]).

2. CRIMINAL LAW — DEFENSES — ENTRAPMENT BY ESTOPPEL.

The doctrine of entrapment by estoppel precludes prosecution when a defendant establishes by a preponderance of the evidence (1) that a government official advised the defendant that certain illegal conduct was legal, (2) that the defendant actually relied on the official's statement, (3) that the defendant's reliance was reasonable and in good faith given the official's identity, the point of law represented, and the substance of the official's statement, and (4) that, given the defendant's reliance, prosecution would be unfair; when a defendant claims entrapment by estoppel, the proper procedure is for the trial court to hold an evidentiary hearing.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Tony Tague*, Prosecuting Attorney, and *Charles F. Justian*, Chief Appellate Attorney, for the people.

*Jeffrey P. West* for the defendant.

Before: SAWYER, P.J., and WILDER and SERVITTO, JJ.

PER CURIAM. The prosecution appeals as of right the trial court's order granting defendant's motion to dismiss three counts of being a felon in possession of a firearm, MCL 750.224f, and three counts of possessing a firearm during the commission of a felony, MCL 750.227b. We reverse and remand for proceedings consistent with this opinion.

MCL 750.224f provides in relevant part:

(1) Except as provided in subsection (2), a person convicted of a felony shall not possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm in this state until the expiration of 3 years after all of the following circumstances exist:

(a) The person has paid all fines imposed for the violation.

(b) The person has served all terms of imprisonment imposed for the violation.

(c) The person has successfully completed all conditions of probation or parole imposed for the violation.

(2) A person convicted of a specified felony shall not possess, use, transport, sell, purchase, carry, ship, receive or distribute a firearm in this state until all of the following circumstances exist:

(a) The expiration of 5 years after all of the following circumstances exist:

(i) The person has paid all fines imposed for the violation.

(ii) The person has served all terms of imprisonment imposed for the violation.

(iii) The person has successfully completed all conditions of probation or parole imposed for the violation.

(b) The person's right to possess, use, transport, sell, purchase, carry, ship, receive, or distribute a firearm has been restored pursuant to [MCL 28.424].

* * *

(5) As used in this section, "felony" means a violation of a law of this state, or of another state, or of the Unites States that is punishable by imprisonment for 4 years or more, or an attempt to violate such a law.

(6) As used in subsection (2), "specified felony" means a felony in which 1 or more of the following circumstances exist:

(*i*) An element of that felony is the use, attempted use, or threatened use of physical force against the person or property of another, or that by its nature, involves a substantial risk that physical force against the person or the property of another may be used in the course of committing the offense.

(*ii*) An element of that felony is the unlawful manufacture, possession, importation, exportation, distribution, or dispensing of a controlled substance.

(*iii*) An element of that felony is the unlawful possession or distribution of a firearm.

(*iv*) An element of that felony is the unlawful use of an explosive.

(*v*) The felony is burglary of an occupied dwelling, or breaking and entering an occupied dwelling, or arson.

Defendant was convicted in 1975 of breaking and entering a sporting goods store in violation of MCL 750.110. Defendant applied for and was granted licenses to purchase handguns by the Muskegon County Sheriff's Department and was deemed eligible to purchase long guns from a federally licensed gun dealer. However, defendant did not seek restoration of his right to possess firearms from his local concealed weapons board pursuant to MCL 28.424. Defendant successfully moved the trial court to dismiss the instant charges on the basis that his prior conviction was not a specified felony under MCL 750.224f and, therefore, his right to possess firearms was automatically restored under

MCL 750.224f(1) well before his arrest on the instant charges in September 2004.

On appeal, the prosecution contends that defendant's 1975 conviction constitutes a specified felony under MCL 750.224f and that, because defendant failed to have his right to possess firearms restored as required by MCL 750.224f(2)(b), the trial court erred in granting defendant's motion to dismiss. We agree.

This Court has previously determined that breaking and entering a building in violation of MCL 750.110 is a specified felony within the meaning of MCL 750.224f. *Tuggle v Dep't of State Police,* 269 Mich App 657, 663; 712 NW2d 750 (2005). That the Legislature also chose to separately identify breaking and entering an occupied dwelling as a specified felony, MCL 750.224f(6)(*v*), does not negate this conclusion. *Id.* at 664. Nor can this conclusion be avoided by judicial construction referring to and relying on legislative history. *People v Weeder,* 469 Mich 493, 497; 674 NW2d 372 (2004). The plain language of MCL 750.224f(6) clearly and unambiguously includes breaking and entering as a specified felony because, by its nature, breaking and entering involves the use of physical force, or the substantial risk that physical force may be used, against the property of another in the commission of the offense. *Tuggle, supra* at 666-667. Therefore, the trial court erred in granting defendant's motion to dismiss.

Defendant also argues that, as applied to him in the instant case, MCL 750.224f is unconstitutionally vague. We disagree. "To determine whether a statute is void for vagueness, a court examines the entire text of the statute and gives the statute's words their ordinary meanings." *People v Piper,* 223 Mich App 642, 646; 567 NW2d 483 (1997). A statute is unconstitutionally vague if persons of ordinary intelligence must necessarily

guess at its meaning. *People v Munn,* 198 Mich App
726, 727; 499 NW2d 459 (1993). MCL 750.224f(6)(*i*)
plainly and unquestionably encompasses breaking
and entering in violation of MCL 750.110. *Tuggle,
supra* at 666-667. Therefore, defendant cannot estab-
lish that the statute is unconstitutionally vague.
Stated differently, the ordinary and plain language of
MCL 750.224f(6) provides, in clear and understand-
able terms, that a person who is convicted of a felony
involving "the use, attempted use, or threatened use
of force against the person or property of another, or
that by its nature, involves a substantial risk that
physical force against the person or property of
another may be used," is subject to the more strin-
gent requirements for restoration of firearms rights
set forth in MCL 750.224f(2). Breaking and entering
is a crime that clearly fits within the language.
Therefore, the statute provides adequate notice to
persons of ordinary intelligence concerning the con-
duct proscribed. *Munn, supra* at 727.

Finally, defendant argues that the instant prosecu-
tion is barred by the doctrine of entrapment by estoppel
because he applied for and received from appropriate
governmental authorities licenses to purchase hand-
guns and authorization to purchase firearms. The doc-
trine of entrapment by estoppel applies to preclude
prosecution when a defendant establishes by a prepon-
derance of the evidence (1) that a government official
advised the defendant that certain illegal conduct was
legal, (2) that the defendant actually relied on the
government official's statements, (3) that the defen-
dant's reliance was reasonable and in good faith given
the identity of the government official, the point of law
represented, and the substance of the official's state-
ments, and (4) that, given the defendant's reliance,

prosecution would be unfair. *People v Woods*, 241 Mich App 545, 558-560; 616 NW2d 211 (2000). As the *Woods* Court explained:

> [T]he defense should be utilized only where an earnest, law-abiding citizen attempts in good faith to comply with the law by consulting an appropriate government official, but unfortunately receives misinformation. These are circumstances where prosecution would be so unfair as to violate the citizen's right to due process. However, when the citizen knows or should know better, but attempts to seek immunity by claiming reliance on misinformation obtained from a government employee, prosecution is not unfair and estoppel by entrapment [sic] should have no application. [*Id.* at 560 (citation omitted).]

When a defendant claims entrapment, including entrapment by estoppel, the proper procedure is for the trial court to hold an evidentiary hearing, at which the defendant bears the burden of proving entrapment by a preponderance of the evidence. *Id.* at 554.

The trial court held an evidentiary hearing on defendant's motion to dismiss. At that hearing, the trial court was presented with limited evidence relating to defendant's purchase of certain firearms. However, the trial court made clear that the hearing was not for the purpose of determining whether defendant could establish entrapment by estoppel. The trial court made no determination whether defendant relied, reasonably and in good faith, on statements of a government official in acquiring and possessing firearms. Indeed, the trial court specifically declined to consider the testimony presented at the hearing, concluding that it was not pertinent to the question before it, that being whether defendant's breaking and entering conviction constituted a specified felony under MCL 750.224f. Therefore, we remand this matter for the reinstate-

ment of the charges against defendant and for a proper consideration of defendant's assertion of the defense of entrapment by estoppel.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.