# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

PHILIP ROY ZAPATA,

        Defendant-Appellant.

UNPUBLISHED
August 9, 2016

No. 327019
Monroe Circuit Court
LC No. 14-041281-FH

Before: MURPHY, P.J., and STEPHENS and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of three counts of felon in possession of a firearm, MCL 750.224f (felon in possession), and one count of possession of a firearm during the commission of a felony (felony-firearm), MCL 750.227b. The trial court sentenced defendant, as a third habitual offender, MCL 769.11, to 34 months to 10 years' imprisonment for his felon in possession convictions and two years' imprisonment for his felony-firearm conviction. We affirm.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On February 6, 2014, officers from the Monroe County Sheriff's Department executed a search warrant at defendant's home. During their search, officers discovered two .22 caliber rifles and a nine millimeter pistol. Defendant testified at trial that he had previously pleaded guilty on February 17, 2006, while represented by counsel, to attempted possession with intent to deliver less than five kilograms or 20 plants of marijuana, MCL 333.7401(2)(d)(*iii*). Defendant argued at trial that he believed he had pleaded guilty to a misdemeanor and was therefore still permitted to own firearms. Defendant stated that if he had been aware that his previous convictions were considered felonies, he would not have purchased the weapons that were found in his home. Evidence was presented at trial that at the time the weapons were discovered, defendant had not met the requirements for regaining eligibility to possess a firearm subsequent to a felony conviction. Defendant was convicted and sentenced as described above. This appeal followed. On appeal, defendant argues that his 2006 plea was constitutionally defective because MCL 333.7401(2)(d)(*iii*) is unconstitutionally vague and failed to inform him of the collateral consequences of his plea, i.e., loss of his right to possess firearms.

-1-

## II.  STANDARD OF REVIEW

"Whether a statute is constitutional is a question of law that this Court reviews de novo. This includes constitutional challenges based on vagueness." *People v Boomer*, 250 Mich App 534, 538; 655 NW2d 255 (2002).

## III.  ANALYSIS

Defendant's arguments are in effect an improper collateral attack on his 2006 plea, and we decline to address them.

Collateral attacks are "challenges raised other than by initial appeal of the conviction in question." *People v Ingram*, 439 Mich 288, 291 n 1; 484 NW2d 241 (1992).  Defendant's constitutional challenge of his prior conviction is clearly a collateral attack since it is being raised in this separate proceeding.  The Court in *Ingram* explicitly held that "only those prior plea convictions that were taken in violation of [the defendant's right to counsel] should be subject to collateral attack." *Id*. at 296.  Defendant has chosen the wrong venue in which to attack the constitutionality of his prior plea.  MCR 6.610 states that "[a] defendant may not challenge a plea on appeal unless the defendant moved in the trial court to withdraw the plea for noncompliance with these rules."  MCR 6.610(E)(8)(a).  Instead of moving to withdraw his plea in the trial court in which the plea was taken, defendant attempts to collaterally attack the constitutionality of MCL 333.7401 in this Court.  Further, defendant was represented by counsel when he pleaded guilty in 2006.  Therefore, he is barred from collaterally attacking the constitutionality of his prior conviction in this Court.[1]  See *Lewis v United States*, 445 US 55, 67; 100 S Ct 915; 63 L Ed 2d 198 (1980) (holding that a "firearms prosecution does not open the predicate conviction to a new form of collateral attack.")

Further, the United States Supreme Court has held that a federal felon in possession of a firearm statute "prohibits a felon from possessing a firearm despite the fact that the predicate felony may be subject to collateral attack on constitutional grounds." *Id* at 65.  Therefore, even if we permitted defendant to collaterally attack his prior conviction on constitutional grounds, such a challenge would be irrelevant for purposes of his felon in possession convictions in the present case, because defendant had a valid conviction at the time he committed the instant offenses.  See *id*. at 65-67 (noting that the federal felon in possession statute focuses on the "mere fact" of conviction rather than its "reliability" and that "a convicted felon may challenge

---

[1] Defendant makes reference to *Padilla v Kentucky*, 559 US 356; 130 S Ct 1473; 176 L Ed 2d 284 (2010), in his brief on appeal.  In *Padilla*, the United States Supreme Court found that the defendant's counsel was deficient in failing to inform the defendant that his guilty plea made him subject to automatic deportation. *Id*. at 366.  To the extent that defendant suggests that his trial counsel was ineffective in 2006 for failing to inform him of a collateral consequence of his plea, i.e., the loss of the right to possess firearms, such an argument also should have been made in a motion before the trial court, on direct appeal from his 2006 plea, or in a motion for post-appeal relief.  See *People v Pubrat*, 451 Mich 589, 592; 548 NW2d 595 (1996); see also MCR 6.500.

the validity of a prior conviction, or otherwise remove his disability, *before* obtaining a firearm." (Emphasis added.))"

Finally, defendant argues that he was unaware that his prior conviction is considered a felony under the felon in possession statute. However, "[i]gnorance of the law is no excuse." *People v Munn*, 198 Mich App 726, 727; 499 NW2d 459 (1993). The felon in possession statute, MCL 750.224f, defines "felony" for the purposes of the statute as "a violation of a law of this state, or of another state, or of the United States that is punishable by imprisonment for 4 years or more, or an attempt to violate such a law." MCL 750.224f(9)(b). Possession with intent to deliver less than five kilograms or 20 plants of marijuana is punishable by up to four years in prison. MCL 333.7401(2)(d)(*iii*). Therefore, an attempt to violate this subsection qualifies as a felony under MCL 750.224f. Defendant's lack of awareness of this statutory language does not alter its application.

Affirmed.


/s/ William B. Murphy
/s/ Cynthia Diane Stephens
/s/ Mark T. Boonstra