# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellee,

v

CHAZ NICHOLAS SMITH,

    Defendant-Appellant.

FOR PUBLICATION
December 13, 2016
9:00 a.m.

No. 328533
Eaton Circuit Court
LC No. 14-020208-FH

Before: M. J. KELLY, P.J., and O'CONNELL and BECKERING, JJ.

M. J. KELLY, P.J.

Defendant Chaz Smith pleaded guilty to breaking and entering with intent to commit a felony, MCL 750.110, first-degree retail fraud, MCL 750.356c, and resisting or obstructing a police officer, MCL 750.81d. In September 2014, under the terms of a sentencing agreement, Smith originally was sentenced to 120 days in the county jail and two years' probation as part of the Eaton Circuit Court's priority drug court program. In 2015, Smith pleaded guilty to violating his probation by stealing a drug test from Meijer and violating his curfew. The trial court revoked his probation and sentenced him as a second habitual offender, MCL 769.10, to concurrent prison terms of 33 to 180 months for his breaking and entering conviction, 33 to 90 months for his first-degree retail fraud conviction, and 24 to 36 months for his resisting and obstructing conviction. Smith filed an application for delayed leave, which we denied.[1] Smith then appealed to our Supreme Court, which remanded to this Court for consideration as on leave granted. *People v Smith*, 499 Mich 924; 878 NW2d 846 (2016). For the reasons stated in this opinion, we affirm.

## I. BASIC FACTS

On May 22, 2014, Smith stole property from a Meijer store. Loss prevention personnel saw him attempt to enter vehicles in the parking lot before heading into a residential neighborhood. A police officer searching for Smith spotted him lying in a grassy area. Smith admitted at his plea hearing that when he saw the officer, he ran. The officer commanded Smith

---

[1] *People v Smith*, unpublished order of the Court of Appeals, entered September 8, 2015 (Docket No. 328533).

-1-

to stop, but he got away by jumping over a fence. A canine unit was called in and tracked Smith to a locked camper in the yard of a nearby home. Smith admitted that he entered the camper to hide from the police. The camper's owner did not have keys to unlock the door. However, with the owner's permission the police broke a window to gain entry. Smith did not immediately exit the camper, and when he did he refused to comply with police commands and had to be physically taken into custody.

## II. OFFENSE VARIABLE 19

## A. STANDARD OF REVIEW

Smith argues that the trial court erred in scoring offense variable (OV) 19 at fifteen points. "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id*.

## B. ANALYSIS

"Our primary task in construing a statute is to discern and give effect to the intent of the Legislature." *People v Williams*, 268 Mich App 416, 425; 707 NW2d 624 (2005). "In discerning legislative intent, this Court gives effect to every word, phrase, and clause in the statute" and "must consider both the plain meaning of the critical words or phrases as well as their placement and purpose in the statutory scheme." *Id*. Further, we "must avoid a construction that would render any part of a statute surplusage or nugatory." *Id*. "If the statutory language is clear and unambiguous, then no judicial construction is necessary or permitted." *People v Campbell*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 324708); slip op at 10 (citation omitted).

OV 19 addresses an offender's "threat to the security of a penal institution or court or interference with the administration of justice or the rendering of emergency services." MCL 777.49. In assessing points under OV 19, a court may consider the offender's conduct after the completion of the sentencing offense. *People v Smith*, 488 Mich 193, 200; 793 NW2d 666 (2010). The sentencing court must assess fifteen points if:

> The offender used force or the threat of force against another person or the property of another person to interfere with, attempt to interfere with, or that results in the interference with the administration of justice or the rendering of emergency services. [MCL 777.49(b).]

However, the court must only assess ten points if "[t]he offender otherwise interfered with or attempted to interfere with the administration of justice." MCL 777.49(c). "[T]he plain and ordinary meaning of 'interfere with the administration of justice' for purposes of OV 19 is to oppose so as to hamper, hinder, or obstruct the act or process of administering judgment of individuals or causes by judicial process." *People v Hershey*, 303 Mich App 330, 343; 844 NW2d 127 (2013). Moreover, "OV 19 is generally scored for conduct that constitutes an attempt

to avoid being caught and held accountable for the sentencing offense." *People v Sours*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket No. 326291); slip op 2.

Hiding from the police constituted an interference with the administration of justice because it was done for the purpose of hindering or hampering the police investigation. See *Hershey*, 303 Mich App at 343. Smith concedes that his actions interfered with the administration of justice; however, he argues that because he did not use force or the threat of force *against the arresting officers* in the process, he should only have been assessed ten points under MCL 777.49(c). We have previously determined that an offender's threat to kill his or her victim to prevent the victim from reporting a crime would warrant a score of fifteen points for OV 19. *People v McDonald*, 293 Mich App 292, 300; 811 NW2d 507 (2011). Moreover, it is axiomatic that an offender's actual use of force, such as restraining or physically harming a victim, would also justify a score of 15 points if the force was used to prevent the victim from reporting a crime. See *People v Passage*, 277 Mich App 175, 179-181; 743 NW2d 746 (2007) (upholding a score of fifteen points where the offender physically struggled with loss prevention personnel and attempted to kick them). In this case, it is undisputed that Smith did not use physical force against either the police officers or anyone else. However, a score of fifteen points under OV 19 is not only required when force or the threat of force is used against a person. It is also required if force or the threat of force is used against the property of another.

We have not had occasion to determine what actions constitute the use or threatened use of force against the property of another for purposes of scoring OV 19. The prosecutor argues that Smith's decision to hide in the camper and not come out resulted in the destruction of the camper window by the police. However, the statute plainly requires that the offender, not the police, must be the individual who uses force or the threat of force against the property of another. MCL 777.49(b). Thus, the force used by the police officer against the camper is not sufficient to sustain a score of fifteen points under MCL 777.49(b).

The word "force" is defined in relevant part as "strength or energy exerted or brought to bear: cause of motion or change." Webster's Collegiate Dictionary (11th ed). Thus, if an offender threw a victim's cellphone into a lake, such action necessarily would involve the use of force against the property of another. Likewise, if the offender threatened to throw a victim's cellphone into the lake, then the action would involve the threatened use of force against the property of another. In either case, if the reason for the offender's action was to prevent or discourage the victim from reporting a crime, then the offender's actions would constitute interference with the administration of justice that would justify a score of fifteen points under OV 19.

Although Smith did not threaten a victim's property or physically destroy the camper that he hid in, he committed the crime of breaking and entering a structure with the intent to commit a felony when he entered the camper. The elements of breaking and entering a structure with the intent to commit a felony are: (1) the defendant broke into a structure, (2) the defendant entered the structure, and (3) at the time of the breaking and entering, the defendant intended to commit a

felony. MCL 750.110(1).[2] "Under Michigan law, any amount of force used to open a door or window to enter the building, no matter how slight, is sufficient to constitute a breaking." *People v Toole*, 227 Mich App 656, 659; 576 NW2d 441 (1998). Thus, when Smith broke into the camper, he exerted force against the property of another by opening the door.[3] As such, the trial court did not err in scoring OV 19 at fifteen points.[4]

### III. JUDICIAL FACT-FINDING

### A. STANDARD OF REVIEW

Smith next argues that his sentence was improperly inflated by judicial fact-finding in violation of the Sixth Amendment. We review do novo whether a defendant's sentence violates the Sixth Amendment. *People v Lockridge*, 498 Mich 358, 373; 870 NW2d 502 (2015).

### B. ANALYSIS

In *Lockridge*, our Supreme Court held that Michigan's sentencing scheme violated the Sixth Amendment right to a jury trial to the extent that it requires "judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range[.]" *Id.* at 364 (emphasis in original). As used in *Lockridge*, the phrase "admitted by the defendant" means "*formally* admitted by the defendant *to the court*, in a plea or in testimony or by stipulation or by some similar or analogous route." *People v Garnes*, ___ Mich App ___, ___; ___ NW2d ___ (2016) (Docket No. 324035); slip op at 3 (emphasis in original). Here, while pleading guilty, Smith admitted that he ran from the police after stealing property from Meijer and that he broke into the camper in order to hide from the police. Thus, the facts necessary to support a score of fifteen points were admitted by Smith, and his sentence was not constrained by improper judicial fact-finding in violation of the Sixth Amendment.

Affirmed.

/s/ Michael J. Kelly
/s/ Peter D. O'Connell
/s/ Jane M. Beckering

---

[2] In this case the felony Smith intended to commit inside the camper was resisting or obstructing a police officer.

[3] See also *People v Pierce*, 272 Mich App 394, 398; 725 NW2d 691 (2006) ("[B]y its nature, breaking and entering involves the use of physical force, or the substantial risk that physical force may be used, against the property of another in the commission of the offense.").

[4] Because we conclude that the trial court did not err in scoring OV 19, we need not address Smith's argument that his trial lawyer provided ineffective assistance when he failed to object to the scoring of OV 19 on the grounds raised on appeal. See *People v Kulpinski*, 243 Mich App 8, 27; 620 NW2d 537 (2000).