# STATE OF MICHIGAN

# COURT OF APPEALS

MATTHEW SHELSON,

        Plaintiff,

v

SECURA INSURANCE COMPANY,

        Defendant-Appellant,

and

GREAT WEST CASUALTY COMPANY,

        Defendant-Appellee.

UNPUBLISHED
May 19, 2015

No. 318762
Sanilac Circuit Court
LC No. 12-034648-NF

Before: BECKERING, P.J., and JANSEN and BOONSTRA, JJ.

BOONSTRA, J. (*concurring*).

I concur in the majority opinion. I write separately because I would go farther than does the majority in addressing the issues and in interpreting the language of the pertinent statute. While affirming the trial court, the majority ostensibly limits its holding to the trial court's determination that plaintiff was not the owner of the vehicle. It specifically declines to consider whether plaintiff was self-employed, an employee of Sam Forrest & Sons (Forrest), or an independent contractor, or any other issue regarding the applicability of MCL 500.3114(3).

But it is clear, in my view, that plaintiff was an independent contractor, and not an employee of Forrest.[1] First, Secura Insurance Company (Secura), plaintiff's insurer, conceded as much in its initial brief on appeal (describing plaintiff as "a self-employed independent contractor doing business as a sole proprietor"), just as it had conceded the point in the trial court. Second, while Secura later sought to backtrack from that position in its reply brief on appeal, it did so by analogy to here-inapplicable language found in the Worker's Disability Compensation Act, MCL 418.01 *et seq.* Third, the case on which Secura relies in attempting to make that analogy has since been reversed by our Supreme Court. See *Auto-Owners Insurance*

---

[1] If plaintiff were an employee of Forrest while an occupant of the Forrest-owned vehicle, then Great Lakes, as Forrest's insurer, would be the responsible insurer under MCL 500.3114(3).

-1-

*Co v All Star Lawn Specialists Plus, Inc*, 497 Mich 13; 857 NW2d 520 (2014). Therefore, since Forrest was not plaintiff's employer, Forrest's insurer is not obligated under MCL 500.3114(3).

As set forth in its initial brief on appeal, Secura's primary position is that plaintiff was *both* an "employee" *and* an "employer"; that is, he was a self-employed independent contractor and employed himself in that capacity. By that reasoning, according to Secura, plaintiff is an "employee" under MCL 500.3114(3) such that he is entitled to "receive personal protection insurance benefits . . . from the insurer of the furnished vehicle." *Id*. According to Secura, that insurer is Great Lakes, because it insured the vehicle furnished by Forrest.

MCL 500.3114(3) states:

> An employee, his or her spouse, or a relative of either domiciled in the same household, who suffers accidental bodily injury while an occupant of a motor vehicle owned or registered by the employer, shall receive personal protection insurance benefits to which the employee is entitled from the insurer of the furnished vehicle.

The language of the statute must be read as a whole, and we must where possible give effect to all of its parts. *Chico-Polo v Dep't of Corrections*, 299 Mich App 193, 198; 829 NW2d 314 (2013). As applied to this case, the statute in essence provides that "an employee . . . who suffers . . . injury while an occupant of a motor vehicle owned . . . by the employer, shall receive . . . benefits . . . from the insurer of the furnished vehicle." *Id*. In other words, when an employer furnishes a vehicle for the employee's use, and the employee is injured while an occupant of the vehicle, the insurer of the vehicle furnished by the employer must provide benefits.

Secura's reading, by contrast, would divorce the term "employer" from the term "furnished vehicle." And it would render meaningless the term "employee." That is, under Secura's interpretation, an employee of himself (as a self-employed independent contractor) may recover benefits *not* from his own insurer (as either employee or employer), but instead from the insurer of a third party who happened to furnish the vehicle. But, in my view, reading the statute as a whole, it is implicit in the statutory language that the party "furnishing" the vehicle and the "employer" are one and the same. Here, the "employer" did not "furnish the vehicle." Moreover, Secura's reading of the statute would render nugatory its requirement that the person be an "employee," because the same outcome would obtain even if the person were an "independent contractor." See *Robinson v City of Lansing*, 486 Mich 1, 21; 782 NW2d 171 (2010). I would therefore reject Secura's strained interpretation of the statutory language.[2]

In any event, Secura's argument still fails because, as the majority properly holds, plaintiff was not an "owner" of the vehicle under MCL 500.3101(2)(h). I therefore concur in the

---

[2] Secura's reliance of *Celina Mut Ins Co v Lake States Ins Co*, 452 Mich 84, 89; 549 NW2d 834 (1996), is misplaced. In that case, unlike here, it was the self-employed business owner (not a third party) who had furnished the vehicle.

majority opinion, and offer these additional reasons for affirming the trial court's grant of summary disposition in favor of plaintiff and against Secura.

/s/ Mark T. Boonstra